**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| Madilane Whatley, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 4:25-9598-RMG |
| v. | ) | |
| | ) | |
| Frank Bisignano, Commissioner of Social | ) | |
| Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for supplemental security income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on April 7, 2026, recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Dkt. No. 19). The Commissioner filed no objections to the R & R. For the reasons set forth below, the Court reverses the decision of the Commissioner and remands the matter to the agency for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

-1-

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."  42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance."  *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).  This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner.  *Vitek v. Finch*, 438 F.2d 1157, 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted.  The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action."  *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969).  Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard.  *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

### Factual Background

Plaintiff, who was 59 years old when the application for SSI benefits was filed, asserted that she was disabled as a result of significant mental health impairments.  The Administrative Law Judge ("ALJ") concluded that Plaintiff had the following severe impairments: depression, anxiety, borderline personality disorder, and PTSD.  (Dkt. No. 14-2  at 35).  Despite these severe impairments, the ALJ found Plaintiff had a residual functional capacity for the full range of work at all levels but imposed certain non-exertional limitations tied to her mental impairments. These included jobs which limited Plaintiff to simple tasks or instructions and with two hour rest breaks in an eight hour day. (*Id*. at 36-37).  The ALJ further found that Plaintiff was capable of performing

her past relevant work as a warehouse worker. (*Id*. at 43-45).  Based upon these findings, Plaintiff's application for disability benefits was denied.

In addressing Plaintiff's residual functional capacity, the ALJ reviewed Plaintiff's subjective symptoms related to her mental health impairments.  The ALJ found that Plaintiff met the threshold requirements of SSR 16-3p that her impairments could reasonably be expected to produce a number of the symptoms to which she claimed but then minimized the effects of those identified symptoms because they were not supported by objective medical evidence in the record. *(Id.* at 37).

Plaintiff asserted on appeal that the ALJ's discounting of her subjective symptoms associated with her mental health impairments because they were not corroborated by objective medical evidence was improper under the Fourth Circuit's decision in *Shelly C. v. Commissioner of Social Security*, 61 F.4th 341 (4th Cir. 2023).  *Shelly C*. held, on facts similar to the instant case, that it was improper for the Commissioner to require objective medical evidence to support a claimant's statements regarding the intensity, persistence, and limiting effects of her mental health impairments when evaluating a claimant's subjective symptoms at Step Two under SSR 16-3p.  *Id.* at 360.

The Magistrate Judge set forth in considerable detail the factual record in this case and concurred with Plaintiff that the ALJ's decision violated the Fourth Circuit's holding in *Shelly C*. by requiring objective medical evidence to support the claimant's testimony regarding the effects of her severe mental impairments. The Magistrate Judge recommended that the matter be remanded to the agency for further processing consistent with the  R & R. (Dkt. No. 19).  As previously mentioned, the Commissioner filed no objection to the R & R.

**Discussion**

The Court finds that the Magistrate Judge ably summarized the factual and legal issues in the R & R and correctly concluded that the ALJ's decision should be reversed and remanded for further proceedings consistent with the R & R.  For that reason, the Court adopts the R & R as the order the Court and remands the case to the agency for further action consistent with this order.

### Conclusion

Based on the foregoing, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 19) as the order of the Court.  The decision of the Commissioner is **REVERSED** pursuant to 42 U.S.C. § 405(g). The Court remands the matter to the agency for further action consistent with this order

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

Charleston, South Carolina
April 22, 2026

-4-